IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENAN BUCHERT**                                                                       **PLAINTIFF**

**V.**                                                            **CAUSE NO. 1:11CV381-LG-JMR**

**MIKE MEYERS and STATE FARM FIRE**
**AND CASUALTY COMPANY**                                        **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the [60] Motion for Summary Judgment filed by Defendants Mike Meyers and State Farm Fire and Casualty Company ("State Farm") pursuant to Federal Rule of Civil Procedure 56. Plaintiff Kenan Buchert's complaint alleges that Defendants negligently cancelled his umbrella insurance policy, exposing him to an excess judgment in a group of lawsuits filed against him in state court. Defendants have moved for summary judgment, Buchert has responded, and Defendants have filed a reply. As set forth below, the Court finds that the Motion for Summary Judgment should be granted in part and denied in part.

**FACTUAL BACKGROUND**

Plaintiff Buchert moved to Pass Christian, Mississippi from New Orleans, Louisiana in October 2008. According to Buchert, on October 22, 2008, he visited State Farm agent Mike Meyers's office about transferring his insurance policies from Louisiana to Mississippi. Buchert had existing policies, including a one million dollar ($1,000,000) personal liability umbrella policy, with State Farm agent Tony Bordlee in Louisiana. Buchert asserts that he made clear that he wanted to

maintain the same insurance coverage he had in Louisiana.  He emphasizes that he never requested that any aspect of his coverage be cancelled.  According to Buchert, he was informed during his visit to Meyers's office that his policies were current, and his understanding was that all of his existing policies, including the umbrella policy, were being transferred to Mississippi.

Four days later, on October 26, 2008, Buchert was involved in a boating accident.  Six injured parties subsequently filed lawsuits against Buchert in the Circuit Court of Harrison County.  Several days after the boating accident, Buchert contacted Meyers to notify State Farm of the accident, and to obtain copies of his insurance policies.  At that time, Buchert states, he was informed that his umbrella policy had been cancelled.  Buchert later filed this action, complaining that the denial of coverage under the umbrella policy exposes him to a risk of an excess judgment in the personal injury lawsuits filed against him.

Buchert's complaint alleges Meyers and State Farm negligently, intentionally, and in bad faith cancelled his umbrella policy without notice and without his knowledge or consent. (Compl. 1-2 (¶¶16, 18), ECF No. 1).  It alleges that State Farm acted with fraud, committed a willful or malicious wrong, and acted in gross negligence or reckless disregard of Buchert's rights when it denied claims under his umbrella policy.  (*Id.* (¶20, 22, 23)).  Buchert seeks a judgment in the amount of one million dollars ($1,000,000) for actual and compensatory damages; mental anguish and emotional pain and suffering; punitive damages; and attorney's fees and costs. (*Id.* (¶24)).

**DISCUSSION**

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once State Farm and Meyers, as the moving parties, have satisfied this requirement, Buchert, who has the burden of proof at trial, bears the burden of proof to show that the motion for summary judgment should not be granted. *See id.* at 322-25. The Court views the facts in the light most favorable to Buchert as the nonmoving party. *See Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). At the same time, Buchert may not rest upon mere allegations or denials in his pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

**I. The Parties' Submissions**

Defendants submit the affidavit of Aimee McArthur, an insurance agent who worked for Mike Meyers, and who met with Buchert about transferring his policies on October 22, 2008. According to Ms. McArthur, Meyers was not present during her meeting with Buchert. (Defs.' Mot. Ex. E 3 (¶28), ECF No. 60-5). McArthur states that Buchert asked that his boat, automobile, atv, and golf cart policies be

moved to Mississippi, and requested that his personal liability umbrella policy be cancelled.  (Defs.' Mot. Ex. E 1-2 (¶¶9, 11), ECF No. 60-5).  Ms. McArthur called agent Bordlee's office because, according to her affidavit, she did not have authority to cancel Buchert's umbrella policy.  (*Id.* 2 (¶15)).  McArthur explains that the computer system only allowed her to make changes to policies for which Mike Meyers was the agent of record.  (*Id.*(¶18)).  Affidavits submitted by Bordlee and Meyers make the same assertion regarding the computer system.  (*See* Defs.' Mot. Ex. Q 1 (¶5), ECF No. 60-17; Ex. F (¶4), ECF No. 60-6).

     Ms. McArthur's affidavit says that she spoke with Deborah Giancontieri, Bordlee's office manager, and advised her that Buchert wanted to cancel his umbrella policy.  (*Id.* (¶¶18-19)).  According to both McArthur's and Giancontieri's affidavits, Buchert was present and participated in the phone conversation, and he advised Ms. Giancontieri that he wanted to cancel his umbrella policy.  (*Id.* (¶20); Defs.' Mot. Ex. L 1 (¶8), ECF No. 60-12).  Ms. Giancontieri then notified State Farm that Buchert requested that his umbrella policy be cancelled effective October 22, 2008.  (Defs.' Mot. Ex. L 1 (¶9), ECF No. 60-12; *see also* Defs.' Mot. Ex. R, ECF No. 60-18; Defs.' Mot. Ex. Q 1 (¶7), ECF No. 60-17).

     In response to Defendants' Motion for Summary Judgment and the affidavits in support thereof, Buchert submits his own deposition testimony and a copy of his insurance policy.  It appears from the record that Buchert has not conducted any depositions or timely served any other discovery in this matter.  He does not dispute

that his umbrella policy was cancelled at the request of Bordlee's office, but maintains that Meyers and his employees "improperly started the cancellation process," which he claims is ultimately attributable to State Farm. (Pl's. Resp. 7 (¶27), ECF No. 61). He does not provide any evidence that his policy was cancelled by anyone at Meyers's office.

In his deposition, Buchert testified that he told a woman at Mike Meyers's office, "I'm moving from New Orleans to Mississippi . . . I need all my policies changed over." (Pl.'s Resp. Ex. A 36:14-18, ECF No. 61-1). Buchert further testified that he was present when she called Tony Bordlee, but he could not hear the conversation. (*Id.* 43:24–44:6). He stated that "it was as simple as, "Mr. Buchert's sitting here. He wants to transfer everything over' . . . I wasn't on the phone, but the obvious answer was that, 'We will be sending you all the information, and . . . it will be handled.'" (*Id.* 44:6-12). According to Buchert, he understood that Bordlee's and Meyers's offices would transfer the policies, and "all insurances were current and intact, and that's what I wanted; I just wanted them in Mississippi." (*Id.* 42:1-6). Buchert testified, "they understood what I wanted, and they said it would be handled." (*Id.* 43:17-18).

Buchert specifically denied telling anyone in Meyers's office that he no longer needed his umbrella policy. (*Id.* 49:21--50:3). According to Buchert, it was not until after the boating accident that he realized the umbrella policy had not been transferred to Mississippi. Buchert testified, "I didn't ask for any cancellation of

anything; I didn't sign anything to cancel an umbrella." (*Id.* 59:22-24). State Farm submits it mailed an Acknowledgment of Cancellation Request to Buchert, but the letter is not dated. (Defs.' Mot. Ex. M, ECF No. 60-13). Buchert acknowledged in his deposition that he received the cancellation notice, but not until months after the accident. (Pl.'s Resp. Ex. A 55:10-14, ECF No. 61-1).

**II. Wrongful Cancellation Claim**

*Defendant Meyers*

Defendants argue, based on *Jenkins v. Farmington Casualty Co.*, 979 F. Supp. 454 (S.D. Miss. 1997), that under Mississippi law, "insurance agents can only incur liability for their acts when their conduct constitutes gross negligence, malice or reckless disregard . . . not ordinary negligence." (Defs.' Mot. 18, ECF No. 60). The Court recognizes that agents can "incur independent liability," in addition to the liability of the principal, when their conduct rises to that level. *See Jenkins*, 979 F. Supp. 454 at 457 (citing *Bass v. Cal. Life Ins. Co.*, 581 So.2d 1087, 1090 (Miss. 1991) and *Dunn v. State Farm Fire & Cas. Co.*, 711 F. Supp. 1359 (N.D. Miss. 1987)). The Court's holding in *Jenkins*, however, was based on the law set forth under *Bass* and *Dunn*. Those cases, as well as *Jenkins,* evaluated an agent's independent liability in the context of a negligent or bad faith denial of an insurance claim. A bad faith denial of a claim is factually distinct from Buchert's allegation of wrongful cancellation. And as this Court has previously stated, "in other instances, an agent may be held liable for negligence in performing his

duties." *Nguyen v. Regions Bank*, 1:10CV253-HSO-JMR, 2010 WL 5071173, at \*4 (S.D. Miss. Dec. 7, 2010) (citing *Mladineo v. Schmidt*, 52 So. 3d 1154, 1163-64 (Miss. 2010) (applying negligence standard to claims of agent's purported failure to procure requested coverage and misinformed insured of property's flood plain status) and *Estate of Haggerty v. Allstate Ins. Co.*, No. 1:07cv915-LTS-RHW, 2008 WL 2705515, at \*5-6 (S.D. Miss. July 7, 2008) (holding agent to duty of reasonable care regarding agent's receipt of notices regarding reduction in flood coverage)). Therefore, Meyers is not entitled to summary judgment based on *Jenkins*.

Defendants focus on the factual argument that the policy was cancelled by agent Tony Bordlee's office, not Meyers. They also argue that Meyers did not have the authority to cancel Buchert's policy. Therefore, Defendants argue, if Buchert has a claim for wrongful cancellation of the policy, it would be against Ms. Giancontieri or Tony Bordlee, not Meyers.[1]

There is a genuine dispute of fact as to whether Buchert told Aimee McArthur that he wanted to cancel his umbrella policy, and whether Buchert confirmed that during the telephone conversation between McArthur and

---

[1] Defendants assert that a claim against Bordlee or his employees would be time-barred under Louisiana law. Bordlee and his employees are not parties to this action, so the Court will not address potential claims against them. Defendants also point out that Buchert admitted that he did not speak to Meyers personally at any time between October 22 and October 27, 2008. (Defs.' Mot. Ex. D 28, ECF No. 60-4). However, this fact alone is also not a basis on which to grant summary judgment. It is undisputed that Buchert met with an employee of Meyers's; if his employee acted negligently, Meyers could be liable to Buchert on a theory of vicarious liability.

Giancontieri on October 22, 2008.  State Farm has presented evidence, in the form of affidavits as well as notes Ms. McArthur made during her meeting with Buchert, that Buchert did express a desire to cancel his umbrella policy. (*See, e.g.*, Defs.' Mot. Ex. E 9, 13, 16, ECF No. 60-5).  Defendants have also demonstrated that it was Bordlee, not Meyers, who was authorized to cancel Buchert's umbrella policy.  In response, Buchert points to his own testimony that he never requested that his policy be cancelled, but does not present any additional evidence, other than his own assertions, to contradict Defendants' version of the events.

At the summary judgment stage, the Court may not weigh the evidence and make a finding of fact as to whose testimony is correct or truthful, but instead must view the facts in the light most favorable to Buchert.  If, as Buchert has testified, he never requested a cancellation of his umbrella policy, and confirmed to Ms. McArthur that he wished to maintain the policy in Mississippi, then obviously some mistake led to Buchert's policy being cancelled.  Buchert, however, has not presented any evidence as to whose mistake caused the cancellation.  While it may not be likely, given the dearth of evidence he has presented, that Buchert can ultimately prove any negligence on the part of Meyers, the Court may not reach that conclusion at this juncture.

Buchert approached Meyers's agency with the purpose of procuring insurance coverage in Mississippi through a transfer of his policies.  Mississippi courts have held that "if an insurance agent or broker with a view to being compensated agrees to procure insurance for another and through fault or neglect fails to do so, he will

be liable for any damage that results thereby." *See Mladineo*, 52 So. 3d at 1164 (citing *McKinnon v. Batte*, 485 So. 2d 295, 297 (Miss. 1986) (additional citation omitted).  Meyers had a duty to exercise reasonable diligence and care with respect to Buchert.  If Meyers's employee negligently communicated to Bordlee that Buchert wished to cancel–rather than transfer–his umbrella policy, Meyers could be liable for negligence.  Buchert's claim of wrongful cancellation may proceed against Meyers.

*State Farm*

State Farm argues that it cannot be held liable for its agents' acts of ordinary negligence, and therefore it is entitled to summary judgment on Buchert's claim of wrongful cancellation.  The Fifth Circuit has found that a "review of Mississippi case law indicates that a principal can be held vicariously liable for the misrepresentations of its agent, but not for its agent's general negligence." *Kubow v. Hartford Cas. Ins. Co.*, 475 F.3d 672, 676 (5th Cir. 2007) (citing *Andrew Jackson Life Ins. Co. v. Williams*, 566 So. 2d 1172, 1180 (Miss. 1990)).  In *Williams*, the Mississippi Supreme Court held that an insurance company was bound by an agent's representation to an insured.  The *Williams* court cited a number of cases that, based on the principle of estoppel, support the proposition that an insurer is liable for misrepresentations within the scope of the agent's actual or apparent authority.  Of *Williams*, the Fifth Circuit said that "[t]here is no analogous case under Mississippi law holding a principal vicariously liable for the general

negligence of its agent." *Kubow*, 475 F.3d at 676. Buchert has not cited, and this Court has not found, a Mississippi case under which it may hold State Farm liable for an act of ordinary or general negligence of its agent. Therefore, State Farm is entitled to summary judgment on Buchert's claim of wrongful cancellation of his umbrella policy.

### III. Wrongful Denial of Claim and Breach of Contract

Buchert has not presented any evidence to dispute Defendants' contention, supported by Meyers's affidavit, that Meyers was not involved in the denial of Buchert's claim under the umbrella policy. (*See* Defs.' Mot. Ex. F (¶6), ECF No. 60-6). Therefore, to the extent Buchert alleges a claim of wrongful denial of coverage, Meyers is entitled to summary judgment on that claim.

Likewise, to the extent Buchert alleges a breach of contract claim against Meyers, he has not presented any theory on which Buchert could be held liable for breach of a contract to which he was not a party or the listed agent on the policy. "[W]here a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a breach of duty or contract committed by the principal." *Brumfield v. Pioneer Credit Co.*, 291 F. Supp. 2d 462, 470 (S.D. Miss. 2003) (quoting *McFarland v. Utica Fire Ins. Co. of Oneida Cnty., N.Y.*, 814 F. Supp. 518, 521 (S.D. Miss. 1992)); *see also Johnson v. Rimes*, 3:12CV331-TSL-MTP, 2012 WL 3889124 at *1 (S.D. Miss. July 12, 2012) (an agent of a disclosed principal is not a party to his principal's contract and cannot be

liable for its breach) (citation omitted). Defendant Meyers is entitled to summary judgment on the breach of contract claim. Buchert's claims of wrongful denial of coverage and breach of contract may proceed against State Farm.

### IV. Bad Faith and Punitive Damages

In order to prove a claim of bad faith, Buchert must show that State Farm "denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of [her] rights." *U.S. Fid. & Guar. Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir. 1992) (citation omitted). Similarly, to succeed on a claim for punitive damages, Buchert must show that (i) the insurer acted with malice or (ii) the insurer acted with gross negligence or reckless disregard for the rights of others. *Aetna Cas. & Sur. Co. v. Day*, 487 So. 2d 830, 832 (Miss. 1986).

Buchert has not presented any evidence, beyond his assertions in his pleadings, that Meyers or State Farm acted with malice or in gross disregard of his rights. Therefore, Defendants are entitled to summary judgment on Buchert's claim of bad faith and his claim for punitive damages.

### V. Fraud

Buchert has not addressed his claim of fraud or how he could meet the elements of fraud under Mississippi law. Buchert has not presented any evidence that Meyers, his employees, or State Farm knowingly made a false statement to him and intended that he rely on it. *See Allen v. Mac Tools, Inc.*, 671 So. 2d 636, 642 (Miss. 1996) (setting forth the elements of fraud). Defendants are therefore

entitled to summary judgment on Buchert's claim of fraud.

### VI. Plaintiff's Motion to Strike

Finally, Plaintiff Buchert moved to strike State Farm's Motion for Summary Judgment as untimely. This motion was rendered moot by the text order entered November 28, 2012, by Chief United States Magistrate Judge Roper. Therefore, the Motion to Strike will be denied as moot.

### CONCLUSION

Buchert's claim of negligence with respect to the cancellation of his policy may proceed against Defendant Meyers. His breach of contract claim, and his claim of wrongful denial of coverage, may proceed against State Farm. Defendants are entitled to summary judgment on the remainder of Buchert's claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [60] Motion for Summary Judgment filed by Defendants Mike Meyers and State Farm Fire and Casualty Company is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [62] Motion to Strike filed by Plaintiff Buchert is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 6th day of February, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE